846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles D. MCHUGH, Defendant-Appellant.
 No. 87-5625.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 26, 1987.
Decided April 14, 1988.
 
 (Michael Kevin Murphy, on brief) for appellant.
 (Henry E. Hudson, United States Attorney; Michael R. Smythers, Special Assistant United States Attorney, on brief) for appellee.
 Before WIDENER, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles D. McHugh appeals his conviction of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He alleges as error the admission of cocaine taken from his person on the ground that it was seized pursuant to a warrantless arrest made without probable cause. We find no error, and affirm the conviction.
 
 
 2
 McHugh was approached by two Drug Enforcement Administration (DEA) task force personnel, Special Agent Kenneth Rosel and Detective Floyd Johnston, outside Washington National Airport on June 8, 1987. McHugh had just arrived on a flight from Fort Lauderdale, Florida.
 
 
 3
 The officers identified themselves as part of the DEA task force and asked if they could speak with McHugh, who agreed. The officers explained that it was their job to intercept drugs coming into Washington, D.C. At their request, McHugh let the officers check his plane ticket and his driver's license. He gave them permission to search his bag, which they did, finding nothing incriminating. When they asked if he would allow them to do a pat-down search of his person, however, McHugh became visibly agitated. His speech became broken and he began to shift his weight from side to side. He suddenly covered his abdominal area with a newspaper he had been carrying.
 
 
 4
 At that point Agent Rosel asked McHugh if he would mind pulling up his shirt, which McHugh was wearing outside his pants. McHugh then reached under his shirt and pushed an object down the front of his pants. Detective Johnston saw the edge of a plastic bag move below the line of McHugh's trousers; at the same time he saw a bulge move down under McHugh's pants in the front. When Detective Floyd asked McHugh to take the package out of his pants, McHugh answered that he did not want to undress in public. McHugh was then arrested. A plastic bag was subsequently taken from McHugh which contained 147 grams of cocaine which was 85% pure.
 
 
 5
 McHugh moved to suppress the cocaine, but his motion was denied. He appeals from his conviction on the ground that the cocaine should have been suppressed as the fruit of an arrest without probable cause.
 
 
 6
 Probable cause was present if facts known to the agents at the time reasonably warranted a belief that McHugh had committed or was committing a crime. United States v. Manbeck, 744 F.2d 360, 376 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985). The presence or absence of probable cause is a practical assessment based on the totality of the circumstances. Illinois v. Gates, 462 U.S. 213 (1983). In this case, McHugh was aware that the officers were looking for drugs and was relaxed and cooperative until the officers asked his permission for a pat-down, at which point he became extremely nervous and tried to cover his abdomen. A minute later, one officer saw the edge of a plastic bag which McHugh was trying to conceal in his clothes. When the officer suggested that he produce the package, McHugh did not deny that it was there, but only stated that he did not want to produce it in public. Under these circumstances, probable cause was clearly present, and the cocaine found on McHugh was admissible.
 
 
 7
 We therefore affirm the conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.